UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMON WARREN,<br><br>    Petitioner,<br><br>  v.<br><br>D. L. RUNNELS,<br><br>    Respondent. | 1:05-CV-1628 AWI SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On December 19, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. In the petition before the Court, Petitioner claims he has been denied access to reports surrounding the investigation of a rules violation charge of sexual misconduct.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears

from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In the instant case, Petitioner fails to state a cognizable federal claim, because Petitioner is not challenging the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973). Rather, he is challenging an evidentiary ruling by the state courts. Furthermore, the Court notes that Petitioner currently has a habeas petition pending which challenges the Rules Violation Report. See Case No. 1:04-CV-6569 REC LJO HC. The instant claim for discovery should have been brought in that case.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED with leave to amend for failure to state a claim cognizable under 28 U.S.C. § 2254.

1   This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
2   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
3   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
4   California.

5   Within thirty (30) days after being served with a copy, any party may file written objections
6   with the court and serve a copy on all parties. Such a document should be captioned "Objections to
7   Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and
8   filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
9   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The
10  parties are advised that failure to file objections within the specified time may waive the right to
11  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13  IT IS SO ORDERED.

14  **Dated:   January 26, 2006**              **/s/ Sandra M. Snyder**
    icido3                                    UNITED STATES MAGISTRATE JUDGE

E. D. California     cd     3